**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | CASE NO. 2:18-cr-060 |
| vs. | CHIEF JUDGE EDMUND A. SARGUS |
| **GERALD A. LAWSON,** | **PLEA AGREEMENT** |
| Defendant. | |

The United States Attorney's Office for the Southern District of Ohio (USAO) and the defendant, **GERALD A. LAWSON**, individually and through counsel, pursuant to Rule 11(c)(1)(b) of the Federal Rules of Criminal Procedure, agree as follows:

1. **Offense of Conviction:** The defendant agrees to plead guilty to Count Two of the Indictment pending against him, which charges him with aiding and abetting a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & (g)(9), 924(a)(2), and (2)(a). The defendant admits that he is, in fact, guilty of this offense and will so advise the Court. The defendant further agrees that he will not withdraw his guilty plea.

2. **Elements of the Offense:** The elements of the offense to which the defendant has agreed to plead guilty are as follows:

    a) Quentin L. Smith has been convicted of a crime punishable by imprisonment for more than one year *or* of a misdemeanor crime of domestic violence;

    b) Quentin L. Smith, following his conviction, knowingly possessed a firearm specified in the Indictment;

    c) The specified firearm crossed a state line prior to Quentin L. Smith's alleged possession of it;

    d) The defendant performed an act that contributed to the commission of Quentin L. Smith's unlawful possession of the specified firearm;

    e) The defendant intended to aid Quentin L. Smith in his unlawful possession of the specified firearm—i.e., the defendant knew or had cause to know of Smith's status as a convicted felon or as a domestic violence misdemeanant; and

    f) The acts occurred within the Southern District of Ohio on or about the dates set forth in the Indictment.

3. **Penalties**: The statutory penalties for Count Two are as follows:

   a) A term of imprisonment not to exceed ten years;

   b) A term of supervised release not to exceed three years;

   c) A fine not to exceed $250,000; and

   d) A mandatory special assessment of $100 due prior to sentencing.

4. **Waiver of Rights**: The defendant understands that he has the following rights:

   a) To plead not guilty;

   b) To have a trial by jury;

   c) To be assisted by counsel during such trial;

   d) To confront and cross-examine adverse witnesses;

   e) To testify, if so desired, and to present evidence and compel the attendance of witnesses;

   f) To not be compelled to testify or present evidence, and to not have these decisions held against the defendant; and

   g) To be presumed innocent throughout trial and until a jury finds proof of guilt beyond a reasonable doubt.

   The defendant further understands that if the Court accepts his guilty plea pursuant to this Plea Agreement, there will be no trial and he waives these rights.

5. **Use of Statements**: The defendant waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, and § 1B1.8(a) of the United States Sentencing Guidelines Manual. Any statements made by the defendant in the course of plea discussions, in any proceeding under Rule 11 of the Federal Rules of Criminal Procedure, and to any law enforcement authorities will be admissible against the defendant without limitation in any civil or criminal proceeding.

6. **Release of Information to the United States Probation Office**: The defendant understands the United States' obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant understands and agrees to cooperate fully and truthfully with the United States Probation Office in providing all information requested by the probation officer. The defendant agrees that the United States Probation Office may initiate a presentence investigation immediately after he signs this Plea Agreement. By signing this agreement, the defendant consents to the disclosure of any reports by the United States Probation Office to the Court and the United States before he has been found guilty or entered a plea of guilty.

7. **Applicability of Advisory Sentencing Guidelines:** The defendant understands that in determining a sentence, the Court has an obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the United States Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a).

8. **Factual and Advisory Sentence Stipulation:** The parties agree to the Statement of Facts set forth in Attachment A and incorporate it here by reference. The parties further agree that the Statement of Facts provides the factual basis for the defendant's plea, and to the following advisory sentencing guideline factors, which do not bind the Court:

    a) The parties agree that pursuant to U.S.S.G. § 2K2.1(a)(7), the Base Offense Level for Count Two is 12.

    b) The USAO does not oppose a 2-level reduction in Offense Level pursuant to U.S.S.G. § 3E1.1(a) based upon the defendant's acceptance of responsibility, provided that the defendant's conduct continues to demonstrate compliance with the terms of § 3E1.1(a).

    c) The parties reserve the right to argue at sentencing the application of any other upward or downward adjustments or departures.

    d) No determination of any of the factors in U.S.S.G. Chapter 4 regarding the defendant's criminal history has been made.

    The parties further understand that these agreements are not binding on the Court and that the final determination concerning the applicability of the Sentencing Guidelines for purposes of sentencing rests solely with the Court.

9. **Obligations of the USAO:** The USAO will dismiss Count One of the Indictment. The USAO will not file additional criminal charges against the defendant based on conduct that was part of the same course of criminal conduct described in the Indictment or based on other criminal activity occurring prior to the date of this Plea Agreement and to which the defendant gives testimony or makes statements pursuant to this Plea Agreement. This agreement does not bind any other local, state, or federal prosecutions.

10. **Hyde Amendment:** The defendant agrees that he is not a "prevailing party" as these terms are used in the Hyde Amendment (set forth as a statutory note under 18 U.S.C. § 3006A) and waives any and all rights he may have under that statute.

11. **Waiver of Appeal:** In exchange for the concessions made by the USAO in this Plea Agreement, the defendant waives the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. The defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255 and 18 U.S.C. § 3582. However, this waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or prosecutorial misconduct.

12. **Freedom of Information Act:** The defendant waives all rights under the Freedom of Information Act relating to his investigation and prosecution and agrees not to file any request for documents. The defendant also waives all rights he may have under the Privacy Act of 1974, which prohibits the disclosure of records contained in a system of records without his written request or consent.

13. **Acceptance of Plea Agreement:** The defendant understands that the Court is not bound by the sentencing recommendations or stipulations of the parties and that it is within the sole discretion of the Court to impose the sentence in this case. The defendant acknowledges that he cannot withdraw his guilty plea based upon the sentence he receives.

14. **Violation of Plea Agreement:** The defendant agrees to abide by the terms of this agreement, including all of the conditions listed in U.S.S.G. § 3E1.1. The defendant understands that in the event he violates this agreement, the USAO will be relieved of all of its obligations under this agreement and may institute any charges or sentencing recommendations that would otherwise be prohibited by this agreement, and the defendant will not be relieved of any of his obligations under the Plea Agreement. Further, the defendant understands and agrees that if he violates this agreement or it is voided for any reason, the defendant waives all defenses based upon the statute of limitations and the Speedy Trial Act as to any charges that are part of the same course of criminal conduct described in the Superseding Indictment.

15. **Defendant's Acknowledgment:** The defendant acknowledges that he has read and understands this Plea Agreement; that he accepts this Plea Agreement knowingly and voluntarily and not as a result of any force, threats, or promises, other than the promises in this Plea Agreement; that he has conferred with his attorney regarding this Plea Agreement and the facts and circumstances of his case, including the applicable law and potential defenses; and that he is fully satisfied with the representation, advice, and other assistance of his attorney in this case.

16. **Entire Agreement:** This is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties.

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

NOAH R. LITTON (0090479)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: Noah.Litton@usdoj.gov

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, I voluntarily agree to it, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5-22-18
Date

GERALD A. LAWSON
Defendant

I am Gerald A. Lawson's attorney. I have carefully reviewed every part of this agreement with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5-22-18
Date

GEORGE CHANEY, JR.
Attorney for Gerald A. Lawson

## ATTACHMENT A:

## STATEMENT OF FACTS

*The United States and Defendant Gerald A. Lawson stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. They further stipulate and agree that these are not all of the facts that the United States would prove if this case had proceeded to trial.*

On or about May 26, 2009, Quentin L. Smith pleaded guilty to burglary—a crime punishable by more than one year in prison, and domestic violence—a "misdemeanor crime of domestic violence," as that term is used in 18 U.S.C. §§ 921(33)(A) and 922(g)(9)—in Case Number CR-08-517866-A, in the Cuyahoga County Court of Common Pleas, located in Cleveland, Ohio. Judgement was entered and a sentence imposed for those convictions the same day. As a result of those convictions, Smith was prohibited by federal law from purchasing or possessing a firearm.

Gerald A. LAWSON was a longtime friend of Quentin L. Smith. On May 14, 2017, LAWSON, who was *not* himself prohibited from purchasing or possessing a firearm, went to a federally licensed firearm dealer doing business as Stonewall Gun Shop and Pistol Range, located in Broadview Heights, Ohio, and began the process of purchasing a Glock manufactured, Model 27 Generation 4, .40 caliber semi-automatic handgun, bearing serial number BBGF164 ("the Glock handgun"). In the process, LAWSON certified on a Firearms Transaction Record, or ATF Form 4473, that he was the actual transferee/buyer of the Glock handgun and that he was not acquiring it on behalf of another person. LAWSON completed the purchase of the Glock handgun on May 18, 2017, paying $604.75 for the weapon.

Shortly after purchasing the Glock handgun, LAWSON sold and otherwise disposed of it to Quentin L. Smith, knowing and having reasonable cause to believe that Smith had been convicted of a crime punishable by imprisonment for a term exceeding one year and a misdemeanor crime of domestic violence.

On or about February 10, 2018, in Westerville, Ohio (in the Southern District of Ohio), Quentin L. Smith knowingly and unlawfully possessed the Glock handgun that LAWSON had purchased for him. Subsequent examination of the Glock handgun showed that it was not manufactured in the State of Ohio and, therefore, travelled in and affected interstate commerce prior to LAWSON's and Smith's possession of it.

Thus, beginning on or about May 14, 2017, continuing to and including February 10, 2018, Gerald A. LAWSON knowingly aided and abetted his friend, Quentin L. Smith, who was prohibited from purchasing or possessing a firearm—in the possession of a Glock manufactured, Model 27 Generation 4, .40 caliber semi-automatic handgun, bearing serial number BBGF164.

All of the foregoing occurred in the Southern District of Ohio and elsewhere.

\* \* \* \* \*

I have carefully reviewed the Statement of Facts with my attorney. I acknowledge that it is true and correct.

5-22-18
Date

_____
GERALD A. LAWSON
Defendant

I am Gerald A. Lawson's attorney. I have carefully reviewed the Statement of Facts with him.

5-22-18
Date

_____
GEORGE CHANEY, JR.
Attorney for Gerald A. Lawson